UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMELLO RANDLE,<br><br>    Plaintiff,<br><br>    v.<br><br>KEVIN BELL, et al.,<br><br>    Defendants. | Case No. 23-cv-05801-JSC<br><br>**ORDER OF DISMISSAL; DENYING MOTION FOR SUBPOENA**<br><br>(ECF No. 3) |

## INTRODUCTION

Plaintiff, an inmate in the Contra Costa County Jail who is proceeding without representation by an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against the Contra Costa County District Attorney's Office and three Deputy District Attorneys involved in his prosecution on murder charges in Contra Costa County Superior Court.  (ECF No. 1.)  For the reasons explained below, the complaint is dismissed because it does not state a claim that is capable of judicial review and determination.

## BACKGROUND

Plaintiff alleges in September and October 2022, prior to the beginning of his criminal trial, he filed two motions under *Brady v. Maryland*, 373 U.S. 83 (1963).  (ECF No. 1 at 12.)  He requested Defendants provide him with any exculpatory evidence and any evidence to impeach Antioch Police Officers who were prosecution witnesses.  (*Id.*)  Defendants failed to turn over evidence that these officers were under investigation by the Federal Bureau of Investigation for perjury, however, which resulted in a mistrial.  (*Id*.)

According to the complaint in another civil rights case filed more recently by Plaintiff, as well as the docket in his criminal case, he was retried and convicted of first-degree murder on March 22, 2024.  *See Randle v. Fregi, et al.*, No. C 24-2098 JSC (PR) (N.D. Cal.) (ECF No. 1 at

6); *State of California v. Randle*, No. 04002000347 (Contra Costa County Sup. Ct.) (docket entry of March 22, 2024, https://odyportal.cc-courts.org/Portal/Home/WorkspaceMode?p=0).[1]

Plaintiff claims "mental abuse, deprivation of my right to a fair trial, public defamation of character, targeting me[,] pain and suffering, cruel and unusual punishment, violations [of] Penal Code 141(c)[, and] racial discrimination." (ECF No. 1 at 10.) He seeks money damages. (*Id.* at 15.)

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by unrepresented parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

---

[1] Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Court orders and other court documents are proper subjects of judicial notice, *id.*, as are records of court proceedings, *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006). A court "may take judicial notice on its own." Fed. R. Evid. 201(c).

2

**LEGAL CLAIMS**

Plaintiff's claim for damages against Defendants for failing to turn over exculpatory evidence in violation of *Brady* does not state a claim that is capable of judicial determination. State prosecuting attorneys enjoy absolute immunity from liability under 42 U.S.C. § 1983 for their conduct in "pursuing a criminal prosecution" insofar as they act within their role as an "advocate for the State," and their actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  "A prosecutor's decision not to turn over exculpatory material before trial, during trial, or after conviction is a violation of due process under *Brady* [].  It is, nonetheless, an exercise of the prosecutorial function and entitles the prosecutor to absolute immunity from a civil suit for damages." *Broam v. Bogan*, 320 F.3d. 1023, 1030 (9th Cir. 2003) (citing cases).  Defendants are absolutely immune from Plaintiff's suit for damages for allegedly failing to meet their obligations under *Brady* to turn over evidence that may have been exculpatory or used to impeach witnesses.  Accordingly, the complaint will be dismissed with prejudice for failing to state a claim that is capable of judicial determination.

**CONCLUSION**

For the foregoing reasons, the case is DISMISSED for failure to state a claim that is capable of judicial review and determination.  The dismissal is without leave to amend and with prejudice.  In light of this conclusion, Plaintiff's motion to issue subpoenas for any complaints or criminal cases against Defendants (ECF No. 3) is DENIED.

The Clerk shall enter judgment and close the file.

This order terminates docket number 3.

**IT IS SO ORDERED.**

Dated: May 28, 2024

JACQUELINE SCOTT CORLEY
United States District Judge